

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
APR 21 2015
ARTHUR JOHNSTON
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 1:15cr32 LG-RHW

MELVIN EUGENE SUMMERS

21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
18 U.S.C. § 924(c)(1)(A)
18 U.S.C. §922(g)(1)

**The Grand Jury charges:**

### COUNT 1

That beginning sometime in March 2012 and continuing up to the date of this Indictment, in Jackson County, in the Southern Division of the Southern District of Mississippi, and elsewhere, the defendant, **MELVIN EUGENE SUMMERS**, did knowingly and intentionally conspire with others both known and unknown to the Grand Jury, to possess with intent to distribute a mixture or substance containing a detectable amount of cocaine hydrochloride, a Schedule II narcotic drug controlled substance and as prohibited by Section 841(a)(1), Title 21, United States Code, and Section 2, Title 18, United States Code.

All in violation of Section 846, Title 21, United States Code.

### COUNT 2

That on or about March 28, 2012, in Jackson County, in the Southern Division of the Southern District of Mississippi, and elsewhere, the defendant, **MELVIN EUGENE SUMMERS** aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of cocaine base, commonly known as "crack," a Schedule II narcotic drug controlled

substance, as prohibited by Section 841(a)(1), Title 21, United States Code and Section 2, Title 18, United States Code.

COUNT 3

That on or about January 14, 2013, in Jackson County, in the Southern Division of the Southern District of Mississippi, and elsewhere, the defendant, **MELVIN EUGENE SUMMERS** aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of cocaine hydrochloride, a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code and Section 2, Title 18, United States Code.

COUNT 4

That on or about January 18, 2013, in Jackson County, in the Southern Division of the Southern District of Mississippi, and elsewhere, the defendant, **MELVIN EUGENE SUMMERS** aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of cocaine base, commonly known as "crack," a Schedule II narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code and Section 2, Title 18, United States Code.

COUNT 5

That on or about August 26, 2013, in Jackson County, in the Southern Division of the Southern District of Mississippi, and elsewhere, the defendant, **MELVIN EUGENE SUMMERS** aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a detectable amount of marijuana, a Schedule I narcotic drug controlled substance in violation of Section 841(a)(1), Title 21, United States Code and Section 2, Title 18, United States Code.

## COUNT 6

On or about January 18, 2013, in Jackson County in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **MELVIN EUGENE SUMMERS**, did knowingly carry and use a firearm, during and in relation to a drug trafficking crime, and possess a firearm in furtherance of a drug trafficking crime, for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute cocaine base, commonly known as "crack," as prohibited by Section 841, Title 21, United States Code.

In violation of Sections 924(c)(1)(A), Title 18, United States Code.

## COUNT 7

On or about December 19, 2013, in Jackson County, in the Southern Division of the Southern District of Mississippi, the defendant, **MELVIN EUGENE SUMMERS**, having been convicted previously of a felony, that is, a crime which is punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm which had previously been shipped and transported in and affecting interstate commerce.

In violation of Sections 922(g)(1) and 924(a)(2), Title 18, United States Code.

## **NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE**

As a result of committing the offenses as alleged in this Indictment, the defendants shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offenses.

The grand jury has determined that probable cause exists to believe that the following property is subject to forfeiture as a result of the offense alleged in the Indictment:

    (1)    Israel Weapon IND-IWI Uzi A 9 caliber Rifle; SN: SA07363;

    (2)    Mossberg, Model 88 Maverick, 12 Gauge Shotgun; SN: MV96231D;

(3) Tokarev, Model 1933, 7.62mm Pistol, SN:27055226 and

(4) Any and all ammunition.

Further, if any property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendants, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Section 924(d)(1), Title 18, United States Code, Section 853, Title 21, United States Code, Section 2641(c), Title 28, United States Code and Section 981(a)(1)(c), Title 18, United States Code.

GREGORY K. DAVIS
United States Attorney

A TRUE BILL:

Redacted Signature
Foreperson of the Grand Jury

This Indictment was returned in open court by the foreperson or deputy foreperson of the grand jury on this the 21 day of April, 2015.

UNITED STATES MAGISTRATE JUDGE